This is a divorce case.
The Circuit Court of Talladega County divorced the parties on the grounds of "physical cruelty or the reasonable apprehension thereof, and incompatibility." The wife was awarded alimony in gross and periodic alimony. The husband was required to pay child support and a division of property was accomplished. Additionally, the wife's attorney was awarded a fee.
The husband, through able counsel who has favored this court with an excellent brief, appeals. The husband contends the trial court erred in its awards of periodic alimony, alimony in gross, child support and attorney's fees. He further contends error in the division of property. The husband's final contention is that the trial court erred in granting the divorce on the grounds of physical cruelty.
The dispositive issue on appeal is whether the trial court abused its discretion in the areas complained of by the husband.
The cases are legion which hold that such matters in divorce cases are subjects which fall within the sound judicial discretion of the trial court and that the trial court's decision thereon will not be disturbed on *Page 1081 
appeal except where such discretion was plainly and palpably abused. See generally Marr v. Marr, 383 So.2d 194 (Ala.Civ.App. 1980); Eubanks v. Eubanks, 52 Ala. App. 224, 291 So.2d 159
(1974). Periodic alimony: Hilton v. Hilton, 385 So.2d 640
(Ala.Civ.App. 1980); Dunnam v. Dunnam, 381 So.2d 654
(Ala.Civ.App. 1980). Alimony in gross: Mitchell v. Mitchell,351 So.2d 602 (Ala.Civ.App. 1977); Huggins v. Huggins,57 Ala. App. 691, 331 So.2d 704 (1976). Division of property:Harris v. Harris, 390 So.2d 293 (Ala.Civ.App. 1980); Jackett v.Jackett, 380 So.2d 919 (Ala.Civ.App. 1980). Child support:Dismukes v. Dismukes, 376 So.2d 730 (Ala.Civ.App. 1979);Plaskett v. Plaskett, 348 So.2d 784 (Ala.Civ.App. 1977). Attorney's fee: Smythe v. Smythe, 376 So.2d 1101 (Ala.Civ.App. 1979); Cozad v. Cozad, 372 So.2d 1322 (Ala.Civ.App. 1979).
Equally well established is the "ore tenus" rule. When the trial court personally hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court's decision was palpably wrong. Austin v. Austin, 408 So.2d 138
(Ala.Civ.App. 1981); Keleher v. Keleher, 389 So.2d 1160
(Ala.Civ.App. 1980).
This court pretermits a summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. This is so because of the vast number of cases on the same legal subjects.
Suffice it to say that after a review of all the testimony, the entire record before the court, and the helpful briefs of learned counsel, we are not persuaded that the adjudication as to the areas of concern, to wit, alimony, child support, division of property and attorney's fees is of such character as to constitute a plain abuse of judicial discretion. Simply stated, the trial court was not plainly and palpably wrong.
Furthermore, there is ample evidence to support a divorce on the grounds of "physical cruelty."
For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit.Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App. 1980).
The wife has requested a fee for representation on appeal. A fee of $350 is duly awarded.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.