HOLMES, Judge.
This is a divorce case.
The parties were divorced by the Circuit Court of Mobile County following an ore tenus hearing. The wife was awarded custody of the minor child and the husband *119 was ordered to pay the sum of $125 per week for child support. Additionally, the husband was required to pay all of the child’s medical and dental expenses.
A division of property was accomplished with the wife receiving from such division and/or as alimony in gross the homeplace, a $13,500 certificate of deposit, beach property, an automobile, and other personal property.
The husband was awarded a condominium in Florida, a certificate of deposit, bonds, and stock of an approximate value of $40,000. There was no award of periodic alimony.
The wife filed a motion for rehearing on the grounds that no alimony had been awarded although evidence of misconduct of the husband had been offered at trial. The wife further alleged that the husband had concealed some $75,000 in assets from the trial court.
The trial court denied the wife’s motion for rehearing. From that action the wife appeals to this court. We find no error requiring reversal and affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in failing to award periodic alimony in view of the husband’s alleged misconduct and in failing to grant a rehearing on the ground that the husband had perpetrated fraud on the court.
We do not deem it necessary nor prudent to set out in detail the facts of the instant appeal. Pertinently, in view of the issues, the following is revealed:
The parties were married for approximately eight years. The wife is educated and had worked for a number of years as a registered nurse up until the child was born. Both parties are in their early thirties. The husband earns approximately $40,000 per year. Testimony indicated that the wife had earned approximately $17,000 per year in the past and that she could earn somewhere around $20,000 in today’s market.
When a trial judge in a divorce case personally hears the evidence, the judgment appealed from is presumed correct on appeal and such judgment cannot be altered if it is supported by legal evidence and the trial court’s decision was not plainly and palpably wrong. This is called the ore ten-us rule. Smith v. Smith, 429 So.2d 1080 (Ala.Civ.App.1983).
After a thorough review of the record before the court and the briefs of able counsel, we find that the evidence of misconduct is not overly persuasive. The award of alimony falls within the sound judicial discretion of the trial court and such decisions will not be disturbed on appeal unless plainly and palpably wrong. See Smith v. Smith, supra.
In view of the above presumptions afforded the trial court and considering such factors as the relatively short duration of the marriage, the wife’s ability to earn, the division of property, we cannot say that the failure to award periodic alimony to the wife is error requiring reversal.
In regard to the husband’s “fraud” on the court, a little more detail is perhaps in order.
During the course of the divorce proceedings, the husband was requested to produce the latest financial statement the husband could provide. After judgment was rendered in the case, the wife filed for rehearing alleging that the husband had provided an incorrect and misleading financial statement.
A hearing was held on the wife’s motion for rehearing and after hearing the evidence from both parties, the trial court denied the motion. No record was made of the evidence offered at the hearing on the motion. However, two financial statements before the court at the rehearing were added to the record on appeal. One statement was before the court at trial and the other statement was not “discovered” until after the original trial.
A comparison of the two financial statements along with a review of the record seems to indicate that while some of the assets listed on the two statements changed *120 somewhat m character, there was little if any difference in the husband’s financial status.
In any event, the ore tenus rule precludes this court from holding that the trial court abused its discretion in refusing to grant a rehearing. This is so especially in view of the fact that, apparently, we do not have all of the evidence before us that the trial court had at the rehearing. See Rhea v. Rhea, 360 So.2d 1029 (Ala.Civ.App.1978).
This case is due to be and is affirmed.
Counsel for the wife and counsel for the husband have requested a fee for representation on appeal. After careful consideration and in view of all the circumstances, this court denies both requests.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.