This is a divorce case.
The trial court, in pertinent part, divorced the parties, made a division of property, awarded the wife periodic alimony, and required the husband to pay child support.
The wife, through able counsel, appeals, contending that the trial court erred in the amount of periodic alimony and child support and in the division of property. *Page 1331 
The dispositive issue on appeal is whether the trial court abused its discretion in the areas complained of by the wife.
There are numerous cases which hold that such matters in divorce cases are within the discretion of the trial court and that the trial court's judgment will not be disturbed on appeal unless that judicial discretion is plainly and palpably abused.See Smith v. Smith, 429 So.2d 1080, 1081 (Ala.Civ.App. 1983);Langford v. Langford, 441 So.2d 962, 964 (Ala.Civ.App. 1983);Smitherman v. Smitherman, 437 So.2d 127, 128 (Ala.Civ.App. 1983); and Masucci v. Masucci, 435 So.2d 120, 122 (Ala.Civ.App. 1983).
Furthermore, the ore tenus rule applies where the trial court personally hears the evidence. Therefore, "[t]he judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court's decision was palpably wrong."Smith v. Smith, 429 So.2d 1080, 1081 (Ala.Civ.App. 1983).
We find it unnecessary to state in detail the pertinent facts because of the numerous cases on the same legal subjects. As stated in our earlier decision, Smith v. Smith, 429 So.2d 1080,1081 (Ala.Civ.App. 1983), "[t]his court pretermits a summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts." We do note that the wife was awarded $800 per month for her support and the support of the child. Apparently, $600 of the $800 is periodic alimony and $200 is child support. Additionally, the wife was awarded a home with a value in excess of $100,000. The wife is the beneficiary of a $100,000 life insurance policy on the husband's life, the premium to be paid by the husband. The husband is a salaried employee, earning approximately $55,000 per year.
After reviewing the testimony and the entire record, we find that the trial court's action does not constitute a plain and palpable abuse of judicial discretion.
For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit.Smith v. Smith, 429 So.2d 1080, 1081 (Ala.Civ.App. 1983).
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.