This is a divorce case.
The husband was ordered to pay to the wife $180 each month as periodic alimony. Upon appeal, the wife's only issue is whether the trial court erred in the amount of the award. The contested evidentiary trial was conducted ore tenus before the trial court. In viewing the record with the attendant presumptions which are accorded to the trial court's action, the following evidence is pertinently revealed upon the issue before us.
The parties married in 1935. A daughter was born to them in 1951 and a son in 1953. The husband entered service with the United States Air Force in 1942 and retired in 1962 as a lieutenant colonel. From 1958 until 1967 they lived in the same household but, except for a few isolated incidents, did not exercise their conjugal rights. After the husband's retirement they lived in Alabama until 1967, when their final separation occurred because of the husband's moving to Arizona. In 1969 the husband obtained a divorce in Mexico. In the present case the trial court declared that the Mexican decree is invalid and is not entitled to be granted full faith and credit. From 1969 to 1975 the husband paid child support to the wife of $285 to $300 a month.
The wife is presently sixty-nine years of age, and she is in fair health. The husband is seventy-two and enjoys excellent health.
The husband draws net monthly military retirement of $1,025, and social security of $413. His itemized monthly expenses and debt payments total $1,470. He remarried in 1970.
The sum of the wife's listed monthly expenditures was $630. She owes no debts. Her income each month consists of social security of $372 and teacher retirement of $119. She testified that if her military dependent's identification card is restored to her her food through the commissary will cost her about twenty percent less than from present sources. She further gave her opinion that, over and above her income, she would need as periodic alimony, "Well, two or three hundred dollars a month and I could live very well and not have to worry, you know."
The trial court divorced the parties and, as to the present issue, ordered the husband to pay $180 per month to the wife as periodic alimony, and the wife's military dependent's identification card was ordered restored to her.
Under the ore tenus rule the judgment of the trial court is presumed to be factually correct. Thus, the award of alimony to the wife must be affirmed if it was supported by credible evidence unless it appears that the trial court was palpably wrong. Also, the award and amount of periodic alimony are matters which lie within the discretion of the trial court and may be reversed upon an appeal only for a clear abuse of the trial court's judicial discretion. Roberts v. Roberts,450 So.2d 137 (Ala.Civ.App. 1984); Casey v. Casey, 421 So.2d 128
(Ala.Civ.App. 1982).
Here, the wife's itemized expenses amounted to $630 and her income, including periodic alimony, now totals $671 each month. Her enumerated expenses will be exceeded by the total receipts by about $40 each month, not considering any savings to her which might be occasioned by her identification card. The wife testified that she needed from $200 to $300 each month as alimony in order to live very well without worry and the award was for $180. The periodic alimony, itemized expenses, and debt payments of the husband total $1,650 monthly, and his net income from all sources is $1,438.
The evidence supports the amount of the alimony award. The trial court was not palpably wrong, and we discern no abuse of discretion. We affirm. *Page 1333 
The husband filed a cross-appeal; however, it is hereby dismissed because of his failure to file a brief in support thereof. Rule 2 (a)(2)(A), Alabama Rules of Appellate Procedure.
The wife's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED. CROSS-APPEAL DISMISSED.
All the Judges concur.