This is a divorce case involving an award of alimony.
The parties were divorced on February 22, 1974, after twenty-six years of marriage. The decree, entered by the United States District Court of the Panama Canal Zone, provided for alimony consisting of $400 per month for the first six months, and further said:
 "that the plaintiff shall pay to the defendant the sum of $350.00 per month thereafter for a period of twelve (12) months, and, thereafter, the sum of $300.00 per month for a period of eight (8) years, all of the aforesaid to be paid to the defendant for the aforesaid period of time or the defendant's remarriage, whichever shall occur the soonest; and, further, the defendant is not foreclosed by this order from coming into Court at the expiration of the aforesaid eight (8) year period and petition this Court for any further reasonable alimony that the defendant may deem necessary and required, this Court taking into consideration in ordering the aforesaid provision the great length of time the parties have been married and that the plaintiff during his marriage to defendant did accumulate a retirement fund;"
The last alimony payment under the original decree was made in August of 1983. On December 16, 1983, the wife filed a petition for enforcement of and further adjudication under the divorce decree.
The husband was in the Federal Civil Service at the time of the divorce. He has since retired and now receives approximately $2,100 per month in retirement pay. He has also remarried and now estimates his family expenses as equivalent to his income. For this reason, he states that he is financially unable to pay alimony.
The wife has had mental and health problems since around the time of the divorce in 1974. Her doctors diagnose her as manic-depressive. She has received job training from the Florida Mental Health Rehabilitation Service in several areas, including typing, key-punch, hotel management, and travel agency work. Despite this training, the wife has held a job for no longer than eight months. She testified that although presently her health was improving, she has been unable to find work. Her present income consists of $500 per month in V.A. *Page 1148 
benefits and approximately $100 per month in interest from her savings account.
The trial court awarded the wife periodic alimony of $300 per month. The husband appeals, claiming this to be a modification-of-alimony case and that the wife did not meet her burden of proof of showing a change of circumstances.
The payments set out in the original divorce decree were periodic alimony. Although the time of payment and amount of payment were certain, the purpose of the payments was not to replace the wife's inchoate rights in the husband's estate (alimony in gross), but rather to pay a future allowance for support of the wife out of the husband's future earnings (periodic alimony). Hager v. Hager, 293 Ala. 47, 299 So.2d 743
(1974). The provision in the original decree allowing the wife to petition for further reasonable alimony at the end of the previously mentioned payment period was a reservation of control and jurisdiction over the parties. The power of the courts to reserve such control has long been recognized. Exparte Thompson, 282 Ala. 248, 210 So.2d 808 (1968); Smith v.Rogers, 215 Ala. 581, 583, 112 So. 190 (1927). In sum, the federal trial court awarded periodic alimony for nine and one-half years reserving the opportunity to make a new determination of alimony at the end of that time. Therefore, the Alabama trial court's decree was based on the present status of the parties and "change of circumstances" was not the applicable burden of proof.
The husband also argues that the trial court abused its discretion.
It is well settled that the matter of alimony is largely discretionary with the trial court, and where evidence was taken orally, determination as to alimony will not be disturbed on appeal unless palpably wrong. Abrell v. Abrell,454 So.2d 1024 (Ala.Civ.App. 1984); Capra v. Capra, 56 Ala. App. 90,319 So.2d 286 (1975). In determining the amount of alimony, there is no fixed rule, but it is proper for the trial court to consider: (1) the earning ability of the parties; (2) their probable future prospects; (3) their age, sex, health and station in life; (4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of the divorce. Jones v. Jones, 454 So.2d 1006 (Ala.Civ.App. 1984);Hall v. Hall, 382 So.2d 1139 (Ala.Civ.App. 1980).
We have carefully reviewed the record and find ample basis for the trial court's decision. The case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.