After ten years of marriage, the parties were divorced on February 29, 1984. Each party was given one-half the equity in the jointly-owned home. One-half of the equity was determined by the court to be $7,500. The parties were given the choice of one purchasing the interest of the other during a period of thirty days after the decree. If such purchase was not made, the property was to be sold by the Register at public sale. The husband made no offer of purchase during the thirty-day period. Thereafter, the wife, through counsel, deposited her check for $7,500 with counsel for the husband as an offer to purchase. The husband refused the offer.
On April 19, the wife made known by petition to the court her offer to purchase husband's interest in the home for the amount determined by the court to be the value of one-half the equity. She requested that he be required to accept the offer and convey to her his interest in the property. *Page 1355 
After oral hearing, the court granted the wife's petition and directed the Register to convey to the wife the husband's interest upon her depositing the sum of $7,500 in court.
The husband appeals, contending the court abused its discretion in (a) giving to the wife a one-half interest in the equity in the home, and (b) in allowing the wife to purchase the interest of the husband by paying him $7,500, instead of holding a public sale as first directed.
It is well known that the division of property between parties in a divorce case is peculiarly a matter within the discretion of the trial judge. The exercise of that discretion, as entered in the decree of the court, is presumed correct upon appeal. Johnson v. Johnson, 423 So.2d 871 (Ala.Civ.App. 1982);Cooper v. Cooper, 382 So.2d 569 (Ala.Civ.App. 1980). Such presumption may be overcome only upon a showing of absence of support in the evidence or that the decree is unjust. Mack v.Mack, 402 So.2d 1038 (Ala.Civ.App. 1981).
Our review of the record discloses ample support of the decree of the court in determining the value of the equity in the home and in the giving of one-half to each party. We perceive no purpose in detailing the evidence in that regard.
The husband contends that directing him to accept $7,500 from the wife as payment for his equity and interest in the property, rather than to hold a public sale as first ordered, was an abuse of discretion. Husband cites no authority for his contention, and we discern no such abuse. The court specifically retained jurisdiction after determining the interests of the parties and their value, for the purpose of implementing and enforcing its decree. The husband will receive the undisputed value of his equity. He had the first opportunity to give to the wife for her interest the amount he will now receive for his.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.