EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case. Because of the death of one of the husband’s attorneys, this appeal was not submitted for our decision until November 29, 1984.
The husband contends that his wife condoned his acts of adultery and that the trial court erred in granting the divorce upon that ground. His other issue is whether the award of periodic alimony to the wife constituted an abuse of discretion.
*384 In viewing the record with the attendant presumptions that are accorded to the trial court’s final judgment, the following facts are revealed as being relevant to the present problem.
The parties were nineteen years of age when they married in 1958 and they were both forty-five when this case was tried in November 1983. Their three children are adults.
Both parties are employed by the Department of the Army. The husband’s gross monthly pay is around $2,036. After deducting therefrom his payroll deductions of $304, his monthly debt installments of $577, and his living expenses of $580, the husband still has a remainder of $575. The additional payment of the alimony as awarded of $250 monthly would leave the husband with approximately $325 each month of discretionary funds.
The wife grosses $600 bi-weekly, with a net of $241 after payroll deductions which include the payment of $282 upon her credit union debts. Her monthly payment of $330 upon her mobile home mortgage is not withheld from her paycheck. After that mortgage payment, the wife is left with only about $150 each month with which to meet her other living expenses. She testified that she needed $330 a month as alimony from the husband. The husband testified that, if he had to pay alimony, $100 monthly would be sufficient for her support.
The parties separated on four different occasions, once in 1963 and three times since 1980. Their separations since 1980 were caused by the husband’s affair with the same woman, which started in 1981. The parties would separate, remain apart for two or three weeks, and then reconcile. The husband testified that their final separation in June 1983 was caused by his seeing his lady friend. These parties have not lived together since that separation. Since that time the husband has lived with his paramour and was residing with her at the time of the divorce trial. He pays the rent, groceries, and utilities, which total about $427.50 of his itemized monthly expenses.
Cancer was detected in the wife in 1976. Four surgical procedures were performed upon her that year. She was then treated by radiation, which damaged her kidneys. In 1981 both of her cancerous breasts were removed. While she stated that her cancer is in remission at this time, the wife still experiences nausea, pain, and discomfort to the extent that she missed about twenty days from her work during the past year.
After an ore tenus contested trial, the final judgment of the circuit court divorced the parties on the grounds of the husband’s adultery and incompatibility of temperament of the parties. The husband was ordered to pay “$250.00 per month for life as periodic alimony” to the wife. Other provisions which are not pertinent to the issues were contained in the divorce judgment.
The husband first contends that because of the wife’s condonation of the husband’s indiscretions no divorce should have been granted upon the ground of adultery. The wife did condone known acts of adultery which occurred prior to their last reconciliation. However, there was no evidence of any forgiveness by the wife as to any of the husband’s admitted adulterous conduct which happened after their final separation in June 1983. We fail to find any evidence that she condoned in advance the committing of future acts of indiscretion by the husband. Indeed, the renewal or continuation of the same conduct by the husband with the same “other woman” generally revives the right of the condoning wife to rely upon the husband’s former unfaithfulness. Morgan v. Morgan, 402 So.2d 984, 988 (Ala.Civ.App.), cert. denied, 402 So.2d 990 (Ala.1981). The trial court did not err in granting the divorce upon the ground of adultery.
The husband also contends through able counsel that the trial court abused its discretion in awarding $250 per month as alimony to the wife.
*385 As we construe it, the judgment as to alimony provides for periodic alimony and may be modified in the discretion of the trial court as to amount or duration if there is a material change in the circumstances of the parties.
Since the hearing was held ore tenus before the trial court, the final judgment is presumed to be correct and will not be disturbed on appeal unless it was palpably wrong. The award of alimony and the amount thereof fall within the ambit of the judicial discretion of the trial court and are reversible only for a clear abuse thereof. Pugh v. Pugh, 406 So.2d 966 (Ala.Civ.App.1981); Chernau v. Chernau, 396 So.2d 1061 (Ala.Civ.App.1981). We have considered all of the trial evidence. The testimony supports the findings of the trial court. The trial court was not palpably wrong and did not abuse its judicial discretion. The award of $250 per month as periodic alimony is upheld.
We affirm.
The wife's request for an attorney’s fee is granted in the sum of $500.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.