HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing, the circuit court divorced the parties, made a division of property, and awarded the wife alimony.
The husband appeals, contending that the trial court abused its discretion in the division of property and in the awards of alimony.
The wife cross appeals, contending that the division of property and the awards of alimony were inadequate and that the trial court abused its discretion in making such division and awards. We find no abuse in the trial court’s action and affirm.
*962 Viewing the record with the attendant presumptions of correctness, the following is revealed:
The parties were married in July of 1976 and were divorced in May 1984. No children were born of this union. At the time of the hearing, the wife was thirty-one and the husband was thirty-six years old.
The trial court, after an ore tenus hearing, awarded to the wife certain furniture and household items, a car, certain jewelry and personal items, a lump sum of $10,000, and monthly alimony in the amount of $1,500.
The husband was awarded the family residence, which had a substantial outstanding mortgage, a car, and certain personal and business items. The husband was also required to pay $10,000 for the attorney’s fees of the wife.
In August of 1984, on motion for rehearing, the trial court awarded additional personal property to the wife and also increased her periodic alimony to $2,000 per month.
As stated, the husband and wife both contend that the trial court abused its discretion in the division of property and in the awards of alimony.
In this case there was evidence that the husband had a large income from his medical practice and that the wife had contributed to his successful practice. There was also testimony that the wife had supported the husband while he was in medical school. Additionally, there was evidence presented at the hearing that the husband had committed several acts of adultery during the marriage.
The wife contends that the trial court’s division of property and awards of alimony were inadequate.
Evidence was presented at the hearing that the wife was relatively young, in good health, and was well educated, having worked as a teacher in the past. There was also testimony that the husband had substantial outstanding debts on his personal and business property and the family residence. In addition, evidence was presented that the wife had also committed acts of marital misconduct.
The ore tenus rule is well established. When the trial court personally hears the evidence, the judgment appealed from is presumed to be correct on appeal. Cory v. Cory, 429 So.2d 1096 (Ala.Civ.App. 1983). Furthermore, the areas of alimony and property division are matters that fall within the sound judicial discretion of the trial court, and the trial court’s decision in regard to these subjects will not be disturbed on appeal absent a plain and palpable abuse of discretion. Rothchild v. Rothchild, 434 So.2d 794 (Ala.Civ.App.1983).
With the above in mind, as it relates to the parties’ respective appeals, after a review of all the evidence, the husband’s income, the wife’s contributions, the earning capacity of the wife, the ages of the parties, the length of the marriage, the totality of the awards, and the marital misconduct by both parties, we cannot say that the trial court abused its discretion in the division of property and in the awards of alimony.
We note here that the husband contends that the trial court erred in refusing to allow testimony regarding a pre-divorce written agreement between the parties that was signed in 1982.
The power to decide whether evidence is to be excluded is within the sound discretion of the trial judge and will not be disturbed unless that discretion is abused. See C. Gamble, McElroy’s Alabama Evidence § 21.01(6) (3d ed. 1977). Here we clearly find no abuse of discretion in disallowing the evidence of the pre-divorce agreement.
The wife has requested an attorney’s fee for representation on appeal. The request is hereby denied.
The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J„ concur.