This is a divorce case.
The trial court, after an ore tenus hearing, divorced the parties, made a division of the marital property, and awarded the wife periodic alimony of $200 per month.
The husband appeals, contending that the trial court abused its discretion in its division of the marital property and award of periodic alimony. We disagree and affirm.
It is a well-settled rule of law in Alabama that the determination of alimony and division of property are within the trial court's discretion. See Hanson v. Hanson,467 So.2d 961 (Ala.Civ.App. 1985); Perry v. Perry, 460 So.2d 1324
(Ala.Civ.App. 1984); Echols v. Echols, 459 So.2d 910
(Ala.Civ.App. 1984). The exercise of that discretion is presumed correct on appeal. Williams v. Williams,460 So.2d 1354 (Ala.Civ.App. 1984). Such discretion will not be disturbed on appeal unless it is plainly and palpably abused. Scott v.Scott, 460 So.2d 1331 (Ala.Civ.App. 1984); Langford v.Langford, 441 So.2d 962 (Ala.Civ.App. 1983).
Furthermore, when the trial court has been presented testimony ore tenus, "[t]he judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court's decision was palpably wrong." Smith v. Smith,429 So.2d 1080, 1081 (Ala.Civ.App. 1983).
We find it unnecessary to state the pertinent facts due to the endless number of cases on the same legal subjects. Little or nothing would be contributed to the law by stating the facts.
It is suffice to say that, after a review of all the testimony, the entire record before the court, and the briefs of counsel, we are not persuaded that the trial court's determination as to the areas of concern, alimony and division of property, is of such a nature as to constitute a plain abuse of *Page 336 
judicial discretion. Simply stated, the trial court was not plainly and palpably wrong.
We particularly note that an award of the homeplace to one party, when that asset is virtually the entire marital property, is not necessarily an abuse of discretion. See Holmesv. Holmes, 409 So.2d 867 (Ala.Civ.App. 1982); Roberts v.Roberts, 399 So.2d 316, 317 (Ala.Civ.App. 1981); Hudson v.Hudson, 391 So.2d 664 (Ala.Civ.App. 1980); Eubanks v. Eubanks,52 Ala. App. 224, 291 So.2d 159 (Ala.Civ.App. 1974).
For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit.Scott, 460 So.2d at 1331.
The wife has requested an award of attorney's fees for representation on appeal. An attorney's fee of $350 is hereby awarded.
For the foregoing reasons, this case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.