HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing, the Montgomery County Circuit Court divorced the parties and awarded the wife $100 per month periodic alimony. This award was to increase subsequently to $300 per month in February 1986.
The husband appeals, contending that the trial court erred to reversal in the award of periodic alimony. We find no error requiring reversal and affirm.
Viewing the record with the attendant presumptions accorded the trial court, we find the following is pertinently revealed:
The parties married in 1967. This was the second marriage for both parties. There were no children born of this marriage.
Shortly after their marriage, the couple came to reside in the home awarded to the wife from her first marriage. The parties opened a business called the “Sub Hut.” The husband began a tool-sharpening business. The wife worked and operated the “Sub Hut,” using funds earned there to finance the husband’s tool-sharpening business. After the sale of the “Sub Hut,” the wife continued to assist her husband in his business by performing bookkeeping duties.
The wife is fifty-four years of age and suffers from poor health. She has an eleventh grade education. The record reveals that, since the sale of the “Sub Hut,” she has been employed at various jobs, including work as a waitress. She is currently employed at a ladies apparel shop, earning $396 per month. Her income is supplemented by monthly payments of $398 on a note received as a result of the sale of the “Sub Hut.” While her total *1115 monthly income is $794, her living expenses total $891.
The husband is fifty-nine years of age and enjoys excellent health. He is self employed at his tool-sharpening business. His 1984 taxable income was $5,111.
The husband on appeal contends, through able counsel, that the trial court abused its discretion in awarding the wife periodic alimony in the ultimate amount of $300 per month. We disagree.
It is well established in Alabama that alimony is largely a matter that is discretionary with a trial court, and, where evidence was taken orally, a determination as to alimony will not be disturbed on appeal unless palpably wrong. Huldtquist v. Huldtquist, 465 So.2d 1146 (Ala.Civ.App.1984); Scott v. Scott, 460 So.2d 1331 (Ala.Civ.App.1984); Abrell v. Abrell, 454 So.2d 1024 (Ala.Civ.App.1984). In reaching a determination as to the amount of alimony to award, the trial court may consider the following: future earning prospects of the parties, their education, experience, job histories and earning records, their health, station in life and needs, duration of the marriage, and misconduct, if any, of the parties. Broadus v. Broadus, 470 So.2d 1239 (Ala.Civ.App.1985); Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985).
In our review of the record, we find no support for the husband’s contention of abuse of discretion by the trial court. We find that there was substantial evidence supporting the trial court’s award of $300 monthly, periodic alimony to the wife.
The evidence discloses that the wife earns $92 per week and receives payments on a note taken as a result of the couple’s sale of the “Sub Hut.” These monthly note payments total $398 and come to an end in January of 1986. The trial court’s provision for an increase in the wife’s alimony coincides with the end of the payments from the sale of the business.
While we note the husband’s contention that his only income for 1984 was a total of $5,111, there is evidence to suggest a much greater income. The husband did not have a checking account and operated on a cash basis. Although there was difficulty in ascertaining the precise income of the husband, it was noted that he enjoyed substantial increases in assets held and was burdened by few debts.
The record indicates that the wife suffers from poor health, while the husband enjoys good health. It was shown that the wife has few skills and lacks education that would enable her to find employment that pays well. However, the husband has a trade and operates a business that was financed in part from funds earned by the wife.
Further, we note that, with regard to the husband’s contention that his income totals only $5,111, we would respond that it is not necessarily actual earnings that are considered in determining alimony, but the ability of one to earn may be considered. Prentice v. Prentice, 440 So.2d 1091 (Ala.Civ.App.1986).
In any event, we find no clear and palpable abuse of discretion in the trial court’s action and affirm. Crippen v. Crippen, 485 So.2d 335 (Ala.Civ.App.1986).
The wife has requested an attorney’s fee for representation on this appeal. A fee of $500 is awarded.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.