This is a divorce case.
After an ore tenus hearing, the Mobile County Circuit Court divorced the parties, made a division of the marital property, and awarded the wife periodic alimony of $50 per week. The wife appeals and we affirm.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed.
The parties were married in 1956. There was one child born of this marriage, who was nineteen at the time of the divorce.
The wife is fifty years of age. She is unemployed and suffers from health problems. She has listed her monthly expenses, some of which are of questionable amount, such as her allocation to "gifts."
The husband is fifty-four years of age and suffers from high blood pressure. He has current employment, earning $227 per week. He was ordered by the trial court, in addition to its award of periodic alimony to the wife, to pay "the joint debts of the marriage." He was further ordered to assume the wife's car payments and to pay the wife's attorney a fee of $450.
The wife's sole contention on appeal is that the trial court abused its discretion in awarding her $50 per week periodic alimony. We disagree.
It is a well-settled rule of law in Alabama that alimony is largely a matter that is within the discretion of the trial court, and, where evidence was presented orally, a determination as to alimony will not be disturbed on appeal unless palpably wrong. Phelps v. Phelps, 484 So.2d 1114
(Ala.Civ.App. 1986); Huldtquist v. Huldtquist, 465 So.2d 1146
(Ala.Civ.App. 1984).
There are a number of factors a trial court can consider in reaching a determination as to the amount of alimony to award. The trial court may consider the following: future earning prospects of the parties, their education, experience, job histories, and earning records, duration of the marriage, and misconduct, if any, of the parties. Broadus v. Broadus,470 So.2d 1239 (Ala.Civ.App. 1985).
Furthermore, when the trial court has been presented testimony ore tenus, "[t]he judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court's decision was palpably wrong." Crippen v. Crippen,485 So.2d 335 (Ala.Civ.App. 1986) (quoting Smith v. Smith,429 So.2d 1080, 1081 (Ala.Civ.App. 1983)).
It is suffice to say that, after a review of all the testimony, the entire record before the court, and the briefs of counsel, we are not convinced that the trial court's determination of periodic alimony is of such a nature as to constitute a plain and palpable abuse of discretion.
We note that, while the award of periodic alimony is only $50 per week, this constitutes approximately 25% of the husband's take-home pay. While we would not characterize the trial court's alimony award as being overly generous, we cannot substitute our judgment for that of the trial court. This the law does not permit. Scott v. Scott, 460 So.2d 1331
(Ala.Civ.App. 1984).
Additionally, we note that the husband was ordered to assume "the joint debts of the marriage." He also was ordered to assume the wife's monthly car payments.
In considering the trial court's award of $50 periodic alimony to the wife, we note again that some of the expenses listed by the wife can at best be termed questionable. We also note that there was evidence that the wife significantly contributed to the marital breakdown.
In light of the above, we find that the trial court did not commit plain and palpable error in its determination of periodic alimony. *Page 1179 
The wife has requested an award of attorney fees for representation on appeal. This request is denied.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.