WRIGHT, Presiding Judge.
This is a divorce case involving an award of alimony.
The parties were married in October 1961. There were no children from the marriage. Shortly after their marriage, the husband retired from the Air Force. The parties were then living in Montgomery. Shortly thereafter, the husband ac *1300 cepted employment in Asia. The wife continued living in Montgomery. As a result, the parties have lived the majority of their married lives in separate parts of the world. By the husband’s estimate, they have lived apart for at least twenty of their married years. During these periods abroad, the husband has provided support for his wife by sending her his monthly retirement check as well as an additional $500 or $600 per month. This totaled around $1,200 per month. The wife has not worked during the marriage.
In August 1985, after an ore tenus hearing before the trial court, a divorce was granted to the parties. As part of the divorce decree, the trial court ordered the husband to pay periodic alimony to the wife in the amount of $944 per month for the first forty-eight months following the divorce. Thereafter, the amount was to be reduced to $650 per month. The husband appeals from this order only with respect to the $650 per month payments. He argues that the trial court abused its discretion by not reducing the latter amount to less than $650 per month in light of his testimony that he planned to retire and live entirely on his military pension in approximately five years. His current military retirement pay is $644 per month.
The award of alimony falls largely within the discretion of the trial court. Huldtquist v. Huldtquist, 465 So.2d 1146 (Ala.Civ.App.1984); Paine v. Paine, 462 So.2d 383 (Ala.Civ.App.1984). The award will not be reversed absent a clear abuse of discretion. Huldtquist, supra; Paine, supra. Our careful review of the record has revealed no abuse of discretion by the trial court.
An award of alimony exceeding the husband’s stated income does not automatically amount to an abuse of discretion by the trial court, Hurd v. Hurd, 397 So.2d 133 (Ala.Civ.App.1981). The record reveals that the husband had a net income of $30,-128.05 in 1984. No estimate was given as to his expected income for the next five years prior to his anticipated retirement. For at least three years prior to his anticipated retirement, the husband will have very good earning potential as well as a reduced support obligation. The wife, on the other hand, because of advancing age and the lack of meaningful employment skills, has no such earning potential. Her only income will be from the alimony payments she will receive from the husband.
We cannot say that the trial court abused its discretion in awarding the wife alimony of $650 per month, even though the husband anticipates a sharp reduction in his income in the distant future. It is our considered opinion that a reduction of alimony prior to an actual change in the circumstances of the parties would be premature.
The wife’s request for an attorney’s fee is granted in the amount of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.