HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties and ordered a division of the marital property. Included within the trial court’s division of the marital property was an order to sell the couple’s jointly held home and divide the proceeds equally. The wife appeals and we affirm.
The dispositive issue on appeal is whether the trial court erred in its division of the marital property by ordering the marital home sold and the proceeds divided equally.
This court pretermits a summary of the evidence. Little or nothing would be contributed to the law of our state by stating in detail the facts of this case. This is true because of the vast number of cases on the same legal subject.
It is well recognized that the division of property does not have to be equal, but only equitable, and that factors such as the future prospects of the parties, their ages, health, station in life, length of the marriage, and conduct of the parties in regard to the cause of the divorce are proper for consideration in the division of marital property. See MacKenzie v. MacKenzie, 486 So.2d 1289 (Ala.Civ.App.1986).
Additionally, the determination of the division of property is within the trial court’s discretion. See Crippen v. Crippen, 485 So.2d 335 (Ala.Civ.App.1986). The exercise of that discretion is presumed correct on appeal. Williams v. Williams, 460 So.2d 1354 (Ala.Civ.App.1984). Such discretion will not be disturbed on appeal unless it is plainly and palpably abused. Scott v. Scott, 460 So.2d 1331 (Ala.Civ.App. 1984).
Suffice it to say that, after a review of all the testimony, the entire record before the court, and the briefs of counsel, we are not persuaded that the trial court’s determination with regard to the division of the marital property is of such a nature as to constitute a plain abuse of judicial discretion. Simply stated, the trial court was not plainly and palpably wrong. In fact, it appears that the trial judge was extremely fair to the wife.
The husband has requested an attorney’s fee for representation on appeal. A fee of $750 is hereby awarded.
This case is due to be, and it is hereby, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.