HOLMES, Judge.
This is a divorce case.
The trial court divorced the parties and effectuated a division of property. The wife, through able counsel, appeals, contending that the trial court erred to reversal in the division of property and in failing to award the wife periodic alimony.
We find no error requiring reversal and affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in the areas complained of by the wife, i.e., periodic alimony and the division of property-
The cases are legion which hold that such matters in divorce cases are subjects which fall within the sound judicial discretion of the trial court and that the trial court’s decision thereon will not be disturbed on appeal except where such discretion was plainly and palpably abused. Periodic alimony: Whitehead v. Whitehead, 494 So.2d 456 (Ala.Civ.App.1986); Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App.1985). Division of property: Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986); Blanton v. Blanton, 490 So.2d 921 (Ala.Civ.App.1986).
Equally well established is the “ore tenus” rule. When the trial court personally hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court’s decision was palpably wrong. Hartselle v. Hartselle, 475 So.2d 860 (Ala.Civ.App.1985); Golson v. Golson, 471 So.2d 426 (Ala.Civ.App.1985).
This court pretermits a summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. This is so because of the vast number of cases on the same legal subjects.
Suffice it to say that, after a review of all the testimony and the entire record before the court, we are not persuaded that the adjudication as to the areas of concern is of such character as to constitute a plain abuse of judicial discretion. Simply stated, the trial court was not plainly and palpably wrong.
This is particularly true in view of the short duration of the marriage.
We would also note that there is conflict in the evidence as to the value of certain property. The resolution of the conflict is upon the judge after oral hearing. Burns v. Burns, 473 So.2d 1085 (Ala.Civ.App.1985); Best v. State Department of Revenue, 423 So.2d 859 (Ala.Civ.App.1982). His resolution is presumed correct upon appeal. Morrow v. Wood, 411 So.2d 120 (Ala.1982).
The wife requests an attorney’s fee for representation on appeal. That request is hereby denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.