This is a divorce case.
The parties were married in May 1979. On December 31, 1986, the wife filed for divorce due to incompatibility and requested a certain property division of the marital assets. After numerous motions being filed by each party, the husband filed a counterclaim for divorce on December 2, 1987. Protracted litigation concerning the marital assets followed. After a final ore tenus proceeding, the final decree of divorce was entered on October 27, 1988. Both parties filed post-trial motions. An order was entered on February 2, 1989, amending the judgment of divorce and disposing of all pending motions. The husband appeals.
On appeal, the husband raises three issues: (1) Did the trial court abuse its discretion in determining the division of the marital property and awarding alimony? (2) Did the trial court err in considering evidence presented suggesting adultery on the part of the husband in determining the distribution of the marital estate? (3) Did the trial court err in requiring the parties to explain the disposition of marital assets once they were commingled and jointly maintained?
At the outset, we note that we are governed by the ore tenus rule in this case. A presumption of correctness attaches to the judgment when the trial court receives ore tenus evidence. Absent an abuse of that discretion that is so unsupported by the evidence as to be plainly and palpably wrong, we must affirm. Blankenship v. Blankenship, 534 So.2d 320
(Ala.Civ.App. 1988). Additionally, the matters of which the husband complains, the division of marital property and the award of alimony, rest soundly within the trial court's discretion and will not be disturbed on appeal absent an abuse of that discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
At this juncture, we note that only a brief recital of the facts revealed by reviewing the voluminous record in this case is necessary. Each party had older children by previous marriages and sizable premarital assets including real property, stocks, cash, automobiles, furniture, and considerable personal property which each had acquired earlier in life. Notably, the wife brought assets into the marriage greatly exceeding the husband's. During the marriage, the assets were commingled into investments, accounts, and properties, many of which were held in both names, but some were held in the husband's name only.
At the request of the husband the wife did not work until the last year of the marriage. The husband worked throughout the marriage, and at one point suffered a dismissal and substantial salary decrease upon obtaining employment.
It was undisputed that the parties enjoyed a very comfortable lifestyle, and that the financial affairs were exclusively managed by the husband. After the husband's *Page 1105 
salary was lowered, the parties continued to maintain their standard of living by relying on the investments, thus diminishing the once sizable assets.
The original divorce decree, inter alia, awarded the marital residence to the wife and ordered the husband to pay, as alimony in gross, the mortgage payments until a balance of $15,000 remained. The amended divorce decree established provisions for the alimony in gross to be paid to the wife should the marital residence be sold, and required the husband to maintain life insurance during the course of his obligation.
The wife is now in her late fifties and has worked less than 15 years of her life. While she is well-educated, her job experience and advancement potential are extremely limited. The husband is currently self-employed, and his tax returns reflect that his income is increasing annually.
 I
The husband first contends that the trial court abused its discretion in determining the division of marital property and awarding alimony. He argues that the division of property is inequitable and that the alimony award is unreasonable due to the wife's ability to be employed and support herself.
The law is clear that the trial court has broad discretion in determining a property division and awarding alimony pursuant to divorce, and that such determinations are reviewable only for an abuse of discretion. Further, such division of property is not required to be equal but merely equitable.Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987),Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App. 1986), andWeatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App. 1985).
Determining alimony and dividing property is not based on rigid standards. The trial court is free to consider the facts and circumstances unique to each individual case. Numerous factors can be considered by the trial court in fashioning an award. They include, but are not limited to: the future prospects of the parties, their ages, health, station in life, length of the marriage, and the conduct of the parties in regard to the cause of the divorce. Weatherly, supra. The trial court may also consider the parties' education, experience, job history and misconduct, if any. Sheffield v. Sheffield,485 So.2d 1177 (Ala.Civ.App. 1986).
This prolonged divorce action provided a record for review of many volumes of testimony and evidence. Careful review reveals nothing inequitable in the property division and alimony award, but reveals more than ample evidence supporting the trial court's judgment.
 II
The husband next argues that the trial court erred in considering "suggestive" but not conclusive evidence of adultery in determining the distribution of the marital estate. He argues that "[b]efore the trial court may consider adulterous acts as a ground for divorce, such acts must be proved . . ." (emphasis added).
While his argument is legally sound, Billington v.Billington, 531 So.2d 924 (Ala.Civ.App. 1988), it has no application here. The wife alleged adultery, and the trial court expressly found that she failed to prove it. The divorce was granted on the grounds of incompatibility.
The record does not establish that the trial court considered the evidence of sexual misconduct short of adultery on the part of the husband, in its property division. Even if it had, that would not be error. Sheffield, supra. We have determined that the conduct of the parties and fault are proper factors to consider when making a division of property, even if the divorce was granted on the grounds of incompatibility. Lutz v.Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986).
 III
The final argument the husband advances is that the trial court erred in requiring him to "explain the disposition of the marital assets." He cites no applicable authority to support this argument, and, *Page 1106 
therefore, we affirm. Rule 28, Alabama Rules of Appellate Procedure, Barnhill v. Barnhill, 516 So.2d 725 (Ala.Civ.App. 1987).
While we see no need for further discussion of this last contention, we do note that our review of the record reveals no such requirement.
Consequently, we conclude that the trial court did not commit error or abuse, and the judgment is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.