This is a divorce case.
The parties were divorced on the grounds of incompatibility and adultery in October 1989, and a property division was ordered. A parcel of real property that the husband had sold to his grandmother, Carmelita Vance, prior to the divorce was awarded to the wife. The husband and Vance appeal.
The husband contends that the property division is inequitable, claiming that the award to the wife was excessive and left him with little or nothing to live on. Vance appeals, contending that the land conveyance from the husband to her was a valid transaction based on valuable consideration and that the trial court erred in awarding the land to the wife.
Our thorough review of the entire record reveals the following pertinent facts. The parties were married approximately fourteen years and had three minor children, and the wife had not worked outside the home most of the marriage. In January 1987, approximately 83 acres were purchased near Bessemer, using funds the parties had saved from the husband's earnings for a down payment. The deed to the land was in the husband's name only.
In early 1988, when the husband lost his job in Virginia, the parties agreed to sell the Virginia homeplace, build a home on the Bessemer property, and move the family to the new home. They decided to live on their savings until the husband could find employment in the new location.
Around this time the marriage began to deteriorate. The wife accused the husband of having an affair, which he admitted, and the parties separated sometime in the spring of 1988. When the Virginia home was sold, the parties equally divided the proceeds.
The husband sold the Bessemer property to Vance in May 1988, for the same amount that was paid for the land. Vance assumed the existing mortgage, paid the husband some cash, and the husband accepted an interest-free note for the remainder of the purchase price. It is undisputed that the wife did not know of this sale until December 1988.
The wife filed for divorce in June 1988. She sought an equitable division of the real and personal property accumulated during the marriage, which included the Bessemer property. The wife later amended her complaint to add Vance as a defendant and alleged that the husband transferred the property to Vance to deprive the wife of her marital rights to the property. After two days of an ore tenus proceeding, the trial court determined that the transaction was not at arm's length and ordered Vance to convey the property to the wife upon payment of $21,366.36, which represented Vance's investment in the property plus interest.
It is well settled that when the trial court bases its judgment, as here, on ore tenus evidence, a presumption of correctness attaches to the judgment. Blankenship v.Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988). Thus, the judgment will be affirmed when it is supported by competent evidence, unless shown to be palpably wrong. Blankenship.
The trial court has broad discretion when determining a property division in a divorce. The trial court is free to consider facts and circumstances unique to each particular case and is not limited by a set of rigid standards in fashioning the award. Jones v. Jones, 560 So.2d 1092 (Ala.Civ.App. 1990). Further, a property division pursuant to divorce is not required to be equal, but merely equitable. Huntress v.Huntress, 555 So.2d 1103 (Ala.Civ.App. 1989).
The trial court is also free to consider the conduct of the parties in regard to the cause of the divorce in its property division. Huntress, supra. Even when the grounds of the divorce are incompatibility, the trial court may consider fault when making a division of property. Lutz v. Lutz, 485 So.2d 1174
(Ala.Civ.App. 1986).
The record reveals that the husband admitted adultery, and he does not challenge the assigning of adultery as a ground for granting the divorce. Clearly, it was *Page 656 
proper for the trial court to consider that factor in fashioning the property division. Other factors it could have considered are: the future prospects of the parties, their ages, their health, their station in life, their education and experience, and their job history. Huntress, supra.
It was undisputed that the parties enjoyed a very comfortable lifestyle, and the husband has now returned to his profession, with a promising future. The husband testified that the wife was a good mother to the three children, one of whom has cerebral palsy. The wife has not been employed in over a decade, and although she has a college education, her job experience and potential appear limited when compared with the husband's future prospects. In light of the above, the property division is not inequitable, and there is ample evidence to support it.
The husband's other issue, and Vance's only issue, is that the trial court erred in requiring Vance to convey the Bessemer property to the wife. Both contend that because the property was in the husband's name only and was purchased with savings from his earnings, that the wife had no marital interest in the property.
There was evidence before the trial court that the wife's father represented the parties at the closing of the property in 1987 and that the property was later to be used for the marital home. There was testimony that the husband and wife planned and actually began construction of a home on the property. The Virginia home was sold in anticipation of moving to the new home on the Bessemer property. At the time of the divorce, the parties had no home other than the Bessemer property, and those possessions the husband had not removed were still in rented storage almost a year and a half after the parties moved from Virginia awaiting completion of the family home on the Bessemer property.
The parties testified to spending approximately $11,000 of joint funds for improvements on the property, yet the husband sold it for the original purchase price of $65,000 and allowed his grandmother an interest-free loan of approximately $48,000. Additionally, Vance had a sale contract on the property (pending the outcome of this case) for approximately $160,000, evidencing the disputed value of the property.
The law is well established that conveyances of marital property to defeat the marital rights of a spouse are voidable. Whether a specific transfer is done to defeat the spouse's rights is a question for the trier of facts, i.e., the trial court. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App. 1988).
The record reveals competent evidence to support the trial court's finding that the Bessemer property was the homeplace of the parties and its holding that the property was subject to the wife's interest. The evidence and the circumstances of the sale support a conclusion that the transfer was made to defeat the wife's marital rights in the property and that the transfer was made in contemplation of divorce. Prestwood, supra.
In view of the above, we find that the trial court did not err in its award to the wife, and the judgment of the trial court is due to be affirmed.
The appellants' requests for attorneys' fees are denied.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.