THIGPEN, Judge.
After an ore tenus proceeding, the Circuit Court of Jefferson County entered a final judgment of divorce dividing the parties’ property and awarding the wife periodic alimony. The husband appeals, contending that the trial court erred in awarding the wife $1500 per month periodic alimony in light of her separate estate, the length of the marriage, the conduct of the parties, her living expenses, and the respective financial circumstances of the parties. Clearly, such factors are appropriate. See, Lane v. Lane, 553 So.2d 1150 (Ala.Civ.App.1989).
The record reflects that the parties were married for nearly seven years and at the time of this action, the wife was 56 years old, and. the husband was 66 years old. Both have been married before, the wife a number of times, and both have adult children from their prior marriages. There were no children born of this marriage. Although the husband suffered a heart attack, he had bypass surgery and now enjoys relatively good health. The wife has various health complaints, but overall is in good health. The wife has a ninth-grade education and was working as a receptionist when the couple met. She quit working prior to their marriage at the husband’s request. The husband is the founder and president of DeShazo Crane Company. He has a base salary of $90,000 and in 1989 he had an income of $198,135, which included his salary and a bonus. The previous year, his bonus was substantially less ($15,000), but his salary was still $90,000. There were no allegations of abuse, but there were arguments, particularly with regard to the husband’s plan to leave his business to his son. The wife had expected to be left a portion of the business and accused *565 the husband of deceit when it became clear that he was leaving it to his son.' The wife had been very supportive of the business, even to the point of lending the company substantial sums of money over a period of years.
The trial court awarded the wife the marital residence, a parcel of land in Shelby County, the parties’ furniture, one of the parties’ two cars, all monies held in her name, life and health insurance benefits, $1500 per month periodic alimony, and $5000 for an attorney’s fee. The husband was awarded the following items of personal property: one of the parties’ two cars; his stocks, bonds, and IRA’s; and all rights, title, and interest he had in DeShazo Crane Company.
The husband contends that the trial court abused its discretion by awarding the wife $1500 per month periodic alimony, given the circumstances of the case. It is well settled that the award of alimony falls largely within the discretion of the trial court and that the court’s award will not be reversed absent a clear abuse of discretion. Huldtquist v. Huldtquist, 465 So.2d 1146 (Ala.Civ.App.1984); Paine v. Paine, 462 So.2d 383 (Ala.Civ.App.1984).
Our careful review of the record indicates that the wife is a 56-year-old woman with a ninth-grade education who had not been regularly employed for over seven years. At the time of the divorce, she was working only part-time, earning $67.50 per week. Additionally, there was evidence that she made numerous loans to the husband’s business at difficult points in its development when the company’s lender would not. The husband is a successful businessman who clearly has the present ability to pay the amount ordered by the trial court. Given these circumstances, it was well within the trial court’s discretion to award $1500 per month periodic alimony.
The husband also contends that given his age, his retirement is imminent, and after he retires he will no longer be able to afford to pay $1500 per month to the wife. At this point, a determination regarding the husband’s ability to pay alimony in the future would be speculative. Any reduction in alimony prior to the change in circumstances would be premature. Johnson v. Johnson, 486 So.2d 1299 (Ala.Civ.App.1986). A petition for an appropriate reduction should be filed following such change.
In view of the above, the judgment of the trial court is due to be affirmed. Appellee is awarded an attorney’s fee of $500 on appeal.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.