YATES, Judge.
Jimmy Lynn Leftwich (father) filed for divorce from Crystal Dianne Leftwich (mother) on October 28,1991, asking for custody of the parties’ only minor child, Andrew Left-wich. The minor child suffers from tuberous sclerosis, a terminal illness, and requires 24-hour nursing care. On December 20, the trial court, following a hearing on the father’s motion for pendente lite relief, awarded temporary custody of the minor child to the mother with visitation to the father. A final judgment of divorce was entered based on the agreement of the parties; however, it was subsequently set aside on the trial court’s own motion after learning that the agreement was never signed by the mother.
The Etowah County Department of Human Resources (DHR) filed a petition in juvenile court on June 11, 1992, alleging that the mother failed to obtain medical attention when the child was ill and that she removed oxygen from the child without the consent of his doctor. The juvenile court entered a pick-up order for the minor child, and a guardian ad litem was appointed. As a result of the petition filed by DHR, the juvenile *778 court found the child to be dependent, awarded temporary legal custody to DHR, and allowed placement of the child in a foster home.
On July 7, 1992, a motion to consolidate the original divorce proceedings and the DHR petition was filed by the father in circuit court, and the same was granted. A petition to intervene was then filed by the child’s maternal grandparents. Following a hearing on July 23, 1992, the trial court ordered that temporary custody of the minor child remain with DHR.
A final judgment of divorce was entered on September 10, 1992, denying the grandparents’ petition to intervene and continuing custody with DHR, with the understanding that the custody determination was temporary and would be reviewed upon the expiration of six months from the date of the order. The father filed a motion for new trial which was denied, and from that order, the father appeals.
The father contends on appeal that, as the child’s natural parent, he has a prima facie right to custody and that the evidence presented at trial failed to establish that he was unfit or unsuited for custody. DHR, in response to the father’s contention, argues that the child is dependent.
A complete recitation of the evidence presented to the trial court as to the placement of the child is unnecessary. The trial court heard testimony of the child’s special needs and requirements due to his medical condition. In addition, testimony indicated that both the mother and the father previously used drugs and alcohol, and that they both had been intoxicated in the presence of the child. The father admitted that he had been physically violent to the mother.
The record does not indicate that a determination of unfitness or unsuitability of the parents was made. Instead, the juvenile court found the child to be dependent, and the trial court at the time of the final judgment of divorce determined it to be in the best interests of the child that custody should be continued with DHR for six more months.
The circumstances of the minor child in the present case are unique. Our case law is clear, however, that a parent’s prima facie right to child custody, as opposed to a non-parent’s right to custody, can be overcome, absent a showing of voluntary forfeiture, only by a finding of unfitness of the parent. Ex parte Terry, 494 So.2d 628 (Ala.1986). See also C.P. v. M.K and R.M.K, 618 So.2d 126 (Ala.Civ.App.1992); P.M.L. v. D.T.P. and A.J.P., 613 So.2d 1288 (Ala.Civ.App.1992). Since there was no finding of unfitness, the trial court’s judgment as to this issue is reversed and the ease is due to be remanded for the trial court to make a determination of fitness as to the father.
The father next contends that the trial court erred in fading to grant the divorce on the grounds of adultery. He argues that he was not granted an interest in all the personal property he had requested.
The trial court is given broad discretion with issues involving property settlements and payment of marital debts and the findings will not be disturbed on appeal unless found to be plainly and palpably wrong. Ex parte Jackson, 567 So.2d 867 (Ala.1990). This court has said that “[ejven when the grounds of the divorce are incompatibility, the trial court may consider fault when making a division of property.” Allen v. Allen, 565 So.2d 653, 655 (Ala.Civ.App.1990). The evidence in this case supports the granting of divorce on the grounds of incompatibility. Therefore, the trial court is affirmed as to this issue.
Based on the foregoing, this case is affirmed in part, reversed in part, and remanded with instructions.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.