DONALD WARREN FOSBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fosberg
Docket No. 25294-91
United States Tax Court
T.C. Memo 1992-713; 1992 Tax Ct. Memo LEXIS 756; 64 T.C.M. (CCH) 1527; December 16, 1992, Filed Decision will be entered for the respondent. Donald Warren Fosberg, pro se. For Respondent: John Aletta. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1987 Federal income tax in the amount of $ 4,463. Concessions having been made by petitioner, the issue remaining for decision is whether petitioner is entitled to deduct $ 7,800 as payment of alimony to Ingrid S. Fosberg in 1987. Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated herein by reference. Petitioner resided in Farmington, Connecticut, at the time this petition was filed. Petitioner was divorced from Ingrid S. Fosberg on December 9, *757 1985. As required by the divorce judgment, petitioner paid Ingrid S. Fosberg $ 7,800 in 1987 and deducted that amount on his return as alimony. Paragraph IV of the divorce judgment states: The Defendant husband is ordered to pay the Plaintiff wife as alimony, the sum of $ 175.00 per week until the wife is employed either part-time or full-time, or in any event, until December 31, 1986, and then said alimony shall be reduced to $ 150.00 per week and shall continue until her death, remarriage or until the youngest child reaches the age of 18 years, whichever first occurs. Thereafter said alimony will cease, and the wife will have no further right to same.
Paragraph III states: A. It is ordered that the Defendant pay the amount of $ 75.00 per week per child. B. It is further ordered that in the event the Defendant is more than 30 days in arrears, the Plaintiff wife will be allowed to bring a wage garnishment for said support in accordance with Connecticut General Statutes Section 85-548. C. Further, the Defendant is ordered to maintain medical insurance for the minor children. Any unreimbursed or uninsured medical expenses with respect to said minor children is to *758 be shared by the parties equally. * * * F. The Defendant is entitled to the dependency exemptions for the two minor children for so long as he is current on his support payments.
Section 71(b) defines an alimony or separate maintenance payment as follows: (b) Alimony or Separate Maintenance Payments Defined. -- For purposes of this section -- (1) In General. -- The term "alimony or separate maintenance payment" means any payment in cash if -- (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument, (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215, (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments *759 after the death of the payee spouse.
Section 71(a), provides that there shall be included in gross income any amount received as alimony or as separate maintenance. There is a corresponding deduction allowed under section 215 for payments of alimony or separate maintenance made by an individual. On the other hand, payments made for child support are neither includible under section 71 nor deductible under section 215. Alimony does not include that part of a payment which is payable for child support. Sec. 71(c). Section 71(c)(2) sets forth the treatment of reductions in payments relating to contingencies involving a child. Generally, if any amount will be reduced as a result of a contingency relating to a child, then the amount of the reduction will be treated as child support. Section 71(c)(2) generally provides that if any payment specified in a divorce or separation instrument will be reduced (A) on the happening of a contingency specified in the instrument relating to a child (such as attaining a specified age, marrying, dying, leaving school, or a similar contingency), or (B) at a time which can clearly be associated with a contingency of the kind so specified, an *760 amount equal to the amount of such reduction will be treated as an amount fixed as payable for the support of children of the payor spouse. Because the alleged alimony payments in this case will be reduced to zero when petitioner's youngest child reaches the age of 18 years, in accordance with Paragraph IV of the divorce judgment, the provisions of section 71(c)(2)(A) are applicable. Accordingly, we hold that petitioner is not entitled to the alimony deduction of $ 7,800 claimed by him on his 1987 return. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩