T.C. Memo. 2000-174

UNITED STATES TAX COURT

CATHLEEN C. SHEPHERD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18560-98.                    Filed May 25, 2000.

Cathleen C. Shepherd, pro se.

<u>Eric B. Jorgensen</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  Respondent determined
deficiencies in petitioner's Federal income taxes of $6,727,
$6,420, and $8,106 for taxable years 1993, 1994, and 1995,

respectively.  Respondent also determined accuracy-related penalties under section 6662(a) for taxable years 1993 and 1994.[1]

At trial, respondent conceded that petitioner is not liable for penalties under section 6662(a).  The sole issue remaining for decision is whether payments totaling $28,800 in each of the years at issue made by petitioner's ex-husband to petitioner are alimony or nontaxable child support.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference.  Petitioner resided in Atlanta, Georgia, at the time her petition was filed.

### Background

Petitioner was married to James H. Shepherd, Jr. (Mr. Shepherd) from 1977 until she obtained a divorce on April 18, 1989.  Two children were born of the marriage:  James H. Shepherd III, born on December 23, 1979, and Julie H. Shepherd, born on September 5, 1981.  Petitioner filed for divorce on January 27, 1988.  A temporary order was entered by agreement of the parties on May 11, 1988, providing for payment to petitioner of temporary alimony of $3,000 per month.

Petitioner and Mr. Shepherd thereafter engaged in settlement negotiations through their attorneys to arrive at an agreement regarding the equitable division of their marital property,

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.

payment of alimony and child support, and custody of the children. At least two written offers in settlement, the first dated September 16, 1988, and the second dated January 13, 1989, were proposed by petitioner's divorce counsel. In proposing alimony terms, the offers make no reference to the parties' children. The first offer proposes a 10-year term for alimony payments, and the second offer proposes a reduced amount to be paid as alimony but is silent as to the period of time over which payments are to be made. The settlement negotiations eventually resulted in a settlement agreement between the parties which was signed on April 17, 1989, and entered as part of the Final Judgment and Decree of Divorce on April 18, 1989.

The settlement agreement required Mr. Shepherd to make monthly payments, characterized as "alimony for the support and maintenance of Wife", in the amount of $2,400 to petitioner for 10 years beginning May 1, 1989, and ending April 30, 1999. Under the agreement, the payments terminate immediately upon the death of Mr. Shepherd or petitioner, or upon petitioner's remarriage or her engaging in "a meretricious relationship as defined by O.C.G.A. §19-6-19". The agreement also states that Mr. Shepherd was under no obligation to make substitute payments following the death of petitioner. The end of the 10-year period in which petitioner was to receive the payments was within 6 months of September 5, 1999--Julie Shepard's (Julie) 18th birthday.

The settlement agreement further provided that petitioner would have custody of the children and receive monthly "child support for the benefit of the minor children" in the amount of $650 per child from Mr. Shepherd with annual increases commensurate with increases in the consumer price index. Under the terms of the agreement, child support payments were to continue for each child as long as petitioner had custody of that minor child or until the child died, married, or reached the age of 18, whichever occurred first. In addition, if the alimony payments were to cease due to petitioner's remarriage or because she engaged in a meretricious relationship, the child support payments would immediately increase to $1,200 per month per child.

Petitioner filed U.S. individual income tax returns for 1993, 1994, and 1995, and treated the $28,800 in "alimony" received each year from Mr. Shepherd under the terms of the settlement agreement as nontaxable child support. Respondent maintains that the payments were in fact alimony and thus should be included in petitioner's taxable income.

## Discussion

Alimony is taxable to the recipient and is deductible by the payor. See secs. 71(a), 215(a). Child support payments, on the other hand, are neither includable in income under section 71 nor

deductible under section 215.  See sec. 71(c).  Alimony is any payment in cash if:

    (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

    (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

    (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

    (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.  [Sec. 71(b)(1).]

Child support is that part of a payment which the divorce or separation instrument fixes as payable for the support of the children of the payor spouse.  See sec. 71(c)(1).  An amount is treated as fixed under section 71(c)(1) and thus treated as child support if it will be reduced "on the happening of a contingency specified in the instrument relating to a child (such as attaining a specified age, marrying, dying, leaving school, or a similar contingency)," sec. 71(c)(2)(A), or "at a time which can clearly be associated with [such] a contingency."  Sec. 71(c)(2)(B).

Temporary regulations promulgated under section 71 provide that payments which would otherwise qualify as alimony are

presumed to be child support if they are reduced within 6 months of the date the payor's child turns 18, 21, or the local age of majority. See sec. 1.71-1T(c), Q&A-18, Temporary Income Tax Regs., 49 Fed. Reg. 34451, 34457 (Aug. 31, 1984). This presumption can be overcome if the facts indicate that the time of the reduction in payments "was determined independently of any contingencies relating to the children of the payor." Id.; see Hill v. Commissioner, T.C. Memo. 1996-179. The time is selected independently of any contingencies relating to the children if it is merely a coincidence that the date payments are reduced falls near a child's birthday. See Hill v. Commissioner, supra.

Petitioner contends that the payments at issue are child support even though the settlement agreement labels them alimony because she accepted the settlement agreement based on the fact that the payments would terminate within 6 months of her daughter's 18th birthday and based on her understanding that this fact would cause the payments to be deemed child support for purposes of Federal income tax treatment. Petitioner does not dispute that the payments otherwise would constitute alimony.

Respondent concedes that the payments are presumed to be child support under the temporary regulations because they terminate within 6 months of Julie's 18th birthday. Respondent, however, maintains that the presumption is overcome by the facts surrounding petitioner's settlement negotiations with her ex-

husband which indicate that it was merely a coincidence that the alimony payments terminated within 6 months of Julie's 18th birthday.

We agree with respondent that the presumption that the payments are child support is overcome by evidence that the termination of the payments to petitioner was determined independently of any contingency relating to petitioner and Mr. Shepherd's children.

The settlement agreement provides for alimony payments for a term of 10 years and makes no reference to Julie's 18th birthday in its alimony provision. Likewise, the proposed offers in settlement from petitioner's attorney, which preceded the final settlement agreement, make no reference to the parties' two children in their proposed alimony provisions. The settlement offers suggest that the only disputed term of the alimony payments was their amount and not the period of time over which the payments would occur.

Moreover, there is no evidence of any discussion between the parties of Julie's 18th birthday in conjunction with the negotiation of alimony payments. Mr. Shepherd's divorce counsel testified that he was "absolutely positive" there was never any discussion that alimony would terminate on the 18th birthday of either of the parties' two children. He further testified that the 10-year term of alimony was requested when negotiations first

began and that the only point of contention regarding alimony was the amount that would be paid.

The record does indicate that Julie's 18th birthday and petitioner's understanding of the Federal tax implications of the termination date of the alimony payments factored into petitioner's decision to consent to the terms of the settlement agreement. Petitioner's lead divorce counsel testified that petitioner was concerned with having the alimony payments continue until her children were finished with school. He further testified that he had discussed with petitioner the presumption arising under the temporary regulations that payments coinciding with a child's 18th birthday would be considered to be child support, and he indicated that petitioner's willingness to enter into the settlement agreement was based on her understanding of this presumption. Neither petitioner nor her lead divorce counsel, however, indicated that this issue was discussed with Mr. Shepherd or with his attorney.

Petitioner's consideration of Julie's 18th birthday without any discussion of its significance with Mr. Shepherd or with his attorney is not enough under the facts of this case for us to conclude that it was anything more than a coincidence that the 10-year term of the alimony payments ended within 6 months of September 5, 1999. See Hill v. Commissioner, supra. If Mr. Shepherd had accepted petitioner's September 16, 1988, offer in

settlement, a final settlement agreement would have been reached before April 17, 1989, and the 10-year term of the "alimony" payments would not have expired within 6 months of Julie's 18th birthday.  We thus conclude that the payments at issue are alimony and includable in petitioner's income.

To reflect the foregoing,

<u>Decision will be entered for respondent for the deficiencies in tax and for petitioner for the penalties under section 6662(a)</u>.