T.C. Memo. 2012-256

UNITED STATES TAX COURT

SHARON F. SCHILLING, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23399-08.                    Filed September 5, 2012.

Timothy A. Tepe, for petitioner.

Edward Lee Walter, for respondent.

MEMORANDUM OPINION

SWIFT, Judge:  Respondent determined a $3,664 deficiency in petitioner's

2006 Federal income tax.

[*2]  The issue for decision is how much of the $24,700 in support payments petitioner received from her ex-husband in 2006 should be treated as taxable alimony income.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

<u>Background</u>

This case was submitted under Rule 122.  The stipulated facts are so found. At the time of filing the petition, petitioner resided in North Carolina.

In March 2003, after 24 years of marriage and having five children together, petitioner and her ex-husband separated.  During their marriage and at the time of their separation petitioner and her ex-husband apparently lived in Ohio.

On April 22, 2003, petitioner and her ex-husband entered into a separation agreement which specified that her ex-husband would pay her spousal support of $2,450 per month for six years but which also specified incremental reductions in the $2,450 spousal support payments as their three youngest children turned 18 or left home for college during their 18th year, whichever occurred later.  If the children did not go to college in their 18th year, the separation agreement

[*3] specified that the spousal support would be reduced in September of each child's 18th year.

Also on April 22, 2003, petitioner and her ex-husband entered into a plan for shared parenting. This plan was amended in July 2003 and provided--

> Father * * * will pay to * * * [petitioner] $0.00 per month, per child. * * * The deviation from guideline [child] support is made as a result of the long term spousal support payments in the amount of $2,450 per month described in the parties separation agreement which are calculated to provide support for the minor children as well as to * * * [petitioner].

On October 16, 2003, petitioner and her ex-husband were divorced, and a decree of divorce was entered by the court of common pleas, Butler County, Ohio, attached to which was the April 22, 2003, separation agreement. The parties have stipulated that at the time of the divorce three of their five children were still minors and had not left home for college. Still living at home were child A, born February 17, 1985, child B, born September 9, 1986, and child C, born August 31, 1988.[1] These children resided primarily with petitioner.

---

[1]Petitioner's first two children are older and are not involved in any way in this case. Although the parties stipulated that child A was a minor at the time of petitioner's divorce from her ex-husband, the record indicates that child A had reached Ohio's age of majority of 18 years. See Ohio Rev. Code Ann. sec. 3109.01 (LexisNexis 2008). This distinction is immaterial for our purposes herein.

**[*4]** The specific relevant language of the April 22, 2003, separation agreement provided as follows:

> Husband shall pay to * * * [petitioner] spousal support in the amount of $2,450.00 per month for a period of six years commencing on the first day of the first month after the date of separation. The amount will be lessened by $125.00 per month when (1) * * * [child A] turns 18 or leaves the house for her first year of college, whichever occurs later and by another $200.00 per month when (2) * * * [child B] turns 18 or leaves the house for his first year of college, whichever occurs later. The amount will be lessened by $200.00 per month when (3) * * * [child C] turns 18 or leaves the house for his first year of college, whichever occurs later. If for some reason, any of the three aforementioned children do not go to college at age 18, the amount will be lessened in September of the 18th year.

Neither the separation agreement nor the divorce decree specified that petitioner's ex-husband's monthly support payments to her would terminate upon her death.

Per the above separation agreement and divorce decree, petitioner received spousal support payments on the first of each month, as follows:

From April 2003 through September 2003 (when child A left for college)-- $2,450 per month;

From October 2003 through September 2004 (when child B turned 18)-- $2,325 per month;

From October 2004 through August 2006 (when child C left for college)-- $2,125 per month;

**[*5]**  From September 2006 through March 2009 (when the six-year spousal support period ended)--$1,925 per month.

In 2006 petitioner received from her ex-husband monthly support payments of $2,125 for eight months and $1,925 for four months--a total of $24,700.

On her 2006 Federal income tax return petitioner reported zero taxable alimony income.  On audit respondent treated as taxable alimony income the portion of the monthly support payments petitioner received each month that was not subject to a reduction depending on the age or departure for college of any of her children--namely, $1,925.  For 2006 respondent treated a total of $23,100, or 12 times $1,925, as taxable alimony income to petitioner.  Respondent treated the $1,600 balance, or $24,700 minus $23,100, as nontaxable child support.

## Discussion

Generally, cash payments a taxpayer receives from a spouse or ex-spouse under a separation agreement or a divorce decree are to be treated as taxable alimony income unless the payments are designated as nontaxable child support or unless the payments are to continue after the death of the taxpayer.  See sec. 71(a), (b)(1)(D), (c)(1).

Petitioner cites the Commissioner's temporary regulations, see sec. 1.71-1T, Q&A-11 and 12, Temporary Income Tax Regs., 49 Fed. Reg. 34451, 34457 (Aug.

[**\*6**] 31, 1984), and asserts that the failure in the separation agreement or divorce decree to expressly state that the spousal support payments were to terminate on her death precludes the payments from being treated as taxable alimony.

Petitioner overlooks the fact that in 1986 Congress amended section 71 to provide that alimony treatment is not limited to situations where a separation agreement or a divorce decree expressly states that the support payments are to terminate upon the death of the payee spouse.  See Tax Reform Act of 1986, Pub. L. No. 99-514, sec. 1843(b), 100 Stat. at 2853; see also Hoover v. Commissioner, 102 F.3d 842, 846 (6th Cir. 1996), aff'g T.C. Memo. 1995-183; IRS Notice 87-9, 1987-1 C.B. 421.  Under the 1986 amendment, payments received under a written agreement--such as the separation agreement between petitioner and her ex-husband--generally are also to be treated as taxable alimony for Federal income tax purposes if under State law the payor's obligation to make the payments terminates upon death of the payee spouse.  See Rood v. Commissioner, T.C. Memo. 2012-122 (noting that "the court first looks for an unambiguous termination provision in the divorce decree * * * [and] if there is no unambiguous termination provision, then * * * to whether the payments would terminate at the payee's death by operation of State law").

**[*7]** Here, neither the separation agreement nor the divorce decree states clearly whether the spousal support payments are to terminate upon petitioner's death. However, Ohio law so provides, and accordingly under the above general rule the payments petitioner received from her ex-husband would be treated as alimony income. See Ohio Rev. Code Ann. sec. 3105.18(B) (LexisNexis 2008); see also Hoover v. Commissioner, 102 F.3d at 844-847; Heffron v. Commissioner, T.C. Memo. 1995-253, aff'd without published opinion sub nom. Murley v. Commissioner, 104 F.3d 361 (6th Cir. 1996); Meeks v. Meeks, 2006 WL 328685 (Ohio Ct. App. Feb. 14. 2006).

Section 71(c), however, goes on to provide that alimony treatment under section 71(a) will not apply to the portion of a spousal support payment which under a separation agreement or divorce decree is payable for the support of children of the marriage. Further, section 71(c)(2) provides that if the amount of spousal support to be paid under a separation agreement or divorce decree is to be reduced either on the happening of a contingency specified in the agreement relating to a child (e.g., attaining a specified age or leaving for school), see sec. 71(c)(2)(A), or at a time that can clearly be associated with such a contingency, see sec. 71(c)(2)(B), an amount equal to the amount of the reduction will be

**[*8]** treated as child support. Sec. 71(c)(2)(A) and (B); <u>Berry v. Commissioner</u>, T.C. Memo. 2005-91.

Petitioner argues that the March 31, 2009, termination of all further spousal support from her ex-husband constituted a fourth reduction in support relating to the children and therefore that the entire $24,700 she received in 2006 constituted nontaxable child support.

Respondent argues that the March 31, 2009, termination of all further spousal support was not a reduction clearly associated with a contingency relating to petitioner's children. We agree with respondent.

Section 71(c)(2)(B) does not define the term "clearly associated with", but the Commissioner's temporary regulations explain two "situations" that are to be presumed to be "clearly associated with" a contingency relating to a child, as follows:

> Q-18. When will a payment be treated as to be reduced at a time which can clearly be associated with the happening of a contingency relating to a child of the payor?
>
> A-18. There are two situations, described below, in which payments which would otherwise * * * [be treated as] as alimony or separate maintenance payments will be presumed [under the temporary regulations] to be reduced at a time clearly associated with the happening of a contingency relating to a child of the payor. In all other situations, reductions in payments will not be treated as clearly

**[\*9]** associated with the happening of a contingency relating to a child of the payor.

The first situation referred to above is where the payments are to be reduced not more than 6 months before or after the date the child is to attain the age of 18, 21, or local age of majority [in Ohio 18]. The second situation is where the payments are to be reduced on two or more occasions which occur not more than one year before or after a <u>different</u> child of the payor spouse attains a <u>certain</u> age between the ages of 18 and 24, inclusive. The certain age referred to in the preceding sentence must be the same for each such child, but need not be a whole number of years.

The presumption in the two situations described above that payments are to be reduced at a time clearly associated with the happening of a contingency relating to a child of the payor may be rebutted (either by the Service or by taxpayers) by showing that the time at which the payments are to be reduced was determined independently of any contingencies relating to the children of the payor. The presumption in the first situation will be rebutted conclusively if the reduction is a complete cessation of alimony or separate maintenance payments during the sixth post-separation year * * * . [Sec. 1.71-1T, Q&A-18, Temporary Income Tax Regs., 49 Fed. Reg. 34451, 34457 (Aug. 31, 1984); emphasis supplied.]

Each of the first three reductions in the spousal support payments petitioner received from her ex-husband was made because one of the three youngest children either reached 18 or left for college, and, as explained, respondent has recognized those events as contingencies relating to the three children under section 72(c)(A).

**[*10]** The March 31, 2009, termination (after six years of payments) of all further support payments to petitioner occurred within six months of child C's 21st birthday, but the presumption applicable to the first situation described in the temporary regulations (that support payments would be treated as related to a contingency relating to a child under section 72(c)(B)) is "conclusively rebutted" here because of the rule stated in the last quoted sentence of the temporary regulations--namely, a complete cessation of support payments during the sixth postseparation year does not qualify as a contingency relating to a child.

Under the Commissioner's temporary regulations, no conclusive rebuttal rule appears to apply to negate the presumption applicable to the second situation described in the temporary regulations. However, as indicated above, the second situation involves multiple reductions in payments where each reduction occurs within a specified time in relation to a different child of the taxpayer. Thus, to be treated as child support under the second situation described in the temporary regulations, each of the four reductions in support payments made in this case would have to have been associated with a different child of petitioner (i.e., petitioner would have to have had four children whose specified birthdays occurred within the time window of the second situation). Petitioner had three children whose birthdays appear to fall within that window, but not a fourth

**[*11]** "different" child. Therefore, the fourth (or March 31, 2009) reduction or termination of support payments does not qualify under the second situation described in the temporary regulations, and no presumption of child support treatment applies thereto.

We reject petitioner's efforts to classify under the temporary regulations the March 31, 2009, termination of spousal support as a fourth reduction clearly associated with a contingency relating to a child. On March 31, 2009, a complete cessation of support payments occurred, and on the evidence before us that cessation has not been clearly associated with a contingency relating to a child.[2]

Finally, the amended shared parenting plan between petitioner and her ex-husband provided that her ex-husband would pay her child support of "$0.00 per

---

[2]Petitioner argues the application of the so-called taint test under the Commissioner's temporary regulations--described in some detail in the BNA "Separation and Divorce" Tax Management portfolio--supports the applicability of sec. 71(c)(2)(B) to the "fourth reduction in spousal support" at issue herein. See Cindy Lynn Woffard, Divorce and Separation, 515-2d Tax Mgmt. (BNA), at A-18-A-20. That portfolio, however, notes in particular that "[i]t is not clear how the * * * [taint test] is to be applied if there are three or more reductions due to the existence of three or more children." As respondent notes on brief, in the examples of the taint test found in the BNA portfolio, the number of reductions that are tested under the above-cited temporary regulations always matches the number of minor children of the taxpayer. It appears that the amount of spousal support payments remaining after all child-related reductions are taken into account is not considered to be child support, and the so-called taint test is not applicable to that amount.

**[*12]** month, per child * * * [and that] the amount of $2,450 per month described in the parties separation agreement * * * [is] calculated to provide support for the minor children as well as * * * [petitioner]." Here, the monthly spousal support payments were for the support and maintenance of petitioner and the three minor children. Because neither the separation agreement, the divorce decree, nor the shared parenting plan specifically designated any portion of the spousal support payments for the support of the children, the entire amount of such payments is includible in petitioner's income as alimony, subject to respondent's adjustments discussed above. See sec. 1.71-1(e), Income Tax Regs.; see also Maes v. United States, No. CV-09-42-H-DWM, 2010 U.S. Dist. LEXIS 109205, at *9 (D. Mont. Oct. 13, 2010) ("If the payee can exercise complete discretion on how to spend the payment, and the parties did not clearly calculate part of the payment to constitute child support, then the entire payment is alimony and taxable to the payee.").

After the three adjustments for the child support portion of the spousal support payments she received in 2006, petitioner has not demonstrated that these payments should be treated as something other than alimony.

**[\*13]**  To reflect the foregoing,

Decision will be entered

for respondent.
